**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABUBAKAR KAMARA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 09-70870<br><br>Agency No. A096-153-133<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:      LEAVY, PAEZ, and BEA, Circuit Judges.

Abubakar Kamara, a native and citizen of Sierra Leone, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Sowe v. Mukasey*, 538 F.3d 1281, 1285 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Kamara's contention that he is eligible for humanitarian asylum because he failed to exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the agency's finding that, even if Kamara's asylum application was timely, and even if Kamara established past persecution, the government rebutted the presumption that Kamara has a well-founded fear of persecution if he returned to Sierra Leone. *See Sowe*, 538 F.3d at 1285-87 (evidence of fundamental changes in Sierra Leone rebutted the presumption of a well-founded fear of future persecution). Accordingly, Kamara's asylum claim fails.

Because Kamara failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Kamara failed to show that it is more likely than not he will be tortured by

or with the consent or acquiescence of the government if returned to Sierra Leone.

*See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**